# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CONNIE F. MIER**                                    **CIVIL ACTION NO.**

**VERSUS**                                            **22-73-SDD-EWD**

**SOMPO AMERICA
INSURANCE CO., ET AL.**

## NOTICE AND ORDER

      This is a civil action involving claims for damages allegedly sustained on December 24, 2020 by Connie F. Mier ("Plaintiff") when she tripped and fell on a stairwell at Fairway View Apartments located in Baton Rouge, Louisiana.[1] Plaintiff claims that at the time of her fall, Fairway View Apartments was (1) under the custody and control of either CSHV Fairway View II, LLC ("CSHV") or Campus Advantage, Inc. ("Campus Advantage"), (2) managed by Charmaine Johnson ("Johnson"), the "General Manager," and (3) insured by Sompo America Insurance Company ("Sompo").[2] On December 22, 2021, Plaintiff filed suit against Defendants in the Nineteenth Judicial District Court for East Baton Rouge Parish, Louisiana, seeking to recover damages for injuries she allegedly sustained because of her trip and fall.[3] Defendants removed the case to this Court on February 2, 2022, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[4]

      Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court.

---

[1] R. Doc. 1-3.
[2] *Id*. at ¶¶ 3, 4, 8. CSHV, Campus Advantage, Johnson, and Sompo are collectively referred to as "Defendants."
[3] *Id*.
[4] R. Doc. 1, ¶ I.

As explained below, outstanding issues both as to citizenship allegations—chiefly, the propriety of Johnson's joinder—and as to amount in controversy, require additional briefing.

*Joinder of Johnson*

Citizenship has been adequately alleged as to Plaintiff and Defendants.[5] Although Plaintiff and Johnson are both alleged to be Louisiana citizens, Defendants assert "there is complete diversity of citizenship between Plaintiff and all properly joined and served Defendants."[6] Defendants contend that Johnson's Louisiana "citizenship can be disregarded for purposes of establishing the court's diversity jurisdiction" because Johnson has been "improperly joined as a defendant."[7] Specifically, relying on Johnson's Declaration,[8] Defendants contend that "there is no possibility of recovery by the Plaintiff against Johnson" because, pursuant to *Canter v. Koehring Co.*,[9] "[c]ourts have repeatedly rejected the notion that a plaintiff can recover against a manager personally based on allegations that the mangers breached a general administrative responsibility."[10] Accordingly, considering Defendants' position that complete diversity exists

---

[5] *See* R. Doc. 1, ¶ I; R. Doc. 1-3, at introduction and ¶ 1. In the Notice of Removal and Petition, it is alleged (1) that Plaintiff is domiciled in Louisiana; (2) that Sompo is incorporated and maintains its principal place of business in New York; (3) that Campus Advantage is incorporated in Delaware and maintains its principal place of business in Texas; (4) that CSHV is a Delaware "limited liability company…whose sole member is The California Teachers Retirement System, which is part of the State of California's Government Operations Agency, but which is not an arm or alter ego of that State and, therefore, it is a 'citizen' of California for diversity jurisdiction purposes (citing *Accenture, LLP v. CSDV-MN Limited Partnership*, No. 06-1270, 2006 WL 3825029 (N.D. Ill. 2006) (finding that The California Teachers Retirement System was "not an arm or alter ego of the State of California and, therefore, is a 'citizen' of California for diversity of jurisdiction purposes.")); and (4) that Johnson is domiciled in Louisiana. Citizenship of these parties has been adequately alleged.

[6] R. Doc. 1, ¶ I (cleaned up).

[7] *Id*. at ¶¶ II – VI.

[8] R. Doc. 1-2 (declaring (1) that she is the General Manager of the Fairway View Apartments; (2) that her "primary job function as the General Manager has always been the general administrative responsibility of overseeing and managing the overall operations of the apartment complex, which involves financing planning, budgeting, directing, scheduling and coordinating the overall work activities of other staff working at the complex"; (3) that she has "never been delegated any personal responsibility which may have borne upon the trip and fall accident alleged in this suit," nor did she have "personal knowledge of or responsibility for any alleged poor lighting conditions…"; and (4) that she "neither created nor was aware of the premises defect or 'hazard' which Plaintiff alleges existed…and it was not [her] job to personally inspect the area…[or] perform any repairs or maintenance of those premises or issue any warning[s]…").

[9] 283 So.2d 716 (La. 1973).

[10] R. Doc. 1, ¶¶ II – VI.

when the citizenship of Johnson is not considered, Plaintiff will be ordered to file either a motion to remand addressing the joinder of Johnson, or an Amended Complaint deleting all claims against Johnson, if Plaintiff agrees Johnson was improperly joined.[11]

*Amount in Controversy*

It is also not clear from the Notice of Removal or the Petition whether Plaintiffs' claims likely exceed $75,000, exclusive of interest and costs.[12] Plaintiff alleges she suffered "injuries" because of her trip and fall and "has incurred and will continue to incur medical expenses…including, but not limited to, diagnostic and treatment expenses, surgery, prescription medication charges, rehabilitation and/or physical therapy charges, related travel expenses and/or any other related and necessary expenses."[13] Plaintiff seeks to recover for the following damages: (1) painful and disabling personal injuries; (2) past and future medical expenses; (3) past and future physical pain and suffering; (4) past and future mental anguish, pain and suffering; (5) loss of enjoyment of life; and (6) lost wages.[14] In Paragraph VII of their Notice of Removal, Defendants assert that the amount in controversy:

> exceeds $75,000.00, exclusive of interest and costs, in that in addition to the petition for damage allegations of the plaintiff having "suffered …. [  ]" due to the subject accident for which she seeks past, present and future general and special damages in excess of the amount required for trial by jury under state law, Plaintiff's counsel of record has advised the undersigned that the Plaintiff is seeking damages in excess of $75,000.00, exclusive of interest and costs.

---

[11] To the extent Plaintiff intends to move for remand, Plaintiff should consider whether the allegations against Johnson are sufficient to establish a possibility of recovery against Johnson in light of *Canter*, 283 So.2d at 721 ("personal liability cannot be imposed upon the…employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages.").
[12] *See* 28 U.S.C. § 1332(a).
[13] R. Doc. 1-3, ¶¶ 2, 7.
[14] *Id*. at ¶ 5.

3

The foregoing does not provide enough information to determine if Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs. First, Plaintiffs' general allegations of injuries and demands for general categories of damages (*e.g.*, painful and disabling personal injuries; medical expenses; physical pain and suffering; mental anguish, pain and suffering; loss of enjoyment of life; lost wages; etc.)[15] are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[16]

Here, Defendants have not provided any specific information about the actual injuries suffered by Plaintiff. Nor have they provided any information about the nature of Plaintiff's medical treatment, the nature and extent of any purported "painful and disabling personal injuries," the actual amount of medical expenses Plaintiff has incurred thus far, Plaintiff's prognosis and recommended future treatment, or whether Plaintiff is working/can work. There is also no evidence of any settlement demand, discovery responses, or other relevant documents that would have bearing on the amount in controversy.[17]

---

[15] R. Doc. 1-3, ¶ 5.

[16] *Davis v. JK & T Wings, In*c., No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cited cases.

[17] While the Notice of Removal indicates that "Plaintiff's counsel of record has advised [Defendants' counsel] that the Plaintiff is seeking damages in excess of $75,000.00, exclusive of interest and costs," Defendants did not attach this communication or document to the Notice of Removal, so it was not considered by the Court. *See* R. Doc. 1, ¶ VII. Indeed, Defendants have not attached any evidence bearing on the amount in controversy to the Notice of Removal. To establish the amount in controversy by a preponderance of the evidence requires submission of "summary judgment-type evidence." *White v. FCI, USA, Inc.,* 319 F.3d 672, 675 (5th Cir. 2003) (finding that, if it is not facially apparent, the court may rely on "summary judgment-type" evidence relevant to amount in controversy at the time of removal to make the determination whether the requisite amount in controversy has been established).

Relatedly, to the extent that Defendants contend that the amount in controversy is satisfied because Plaintiff's Petition states that her damages exceed the "amount required for trial by jury under state law,"[18] Plaintiff's Petition does not contain any request for trial by jury.[19] But, even if the Petition did, Plaintiff's demand for a jury trial simply indicates that she seeks at least $50,000 in damages,[20] which is not dispositive of whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[21] Based on the foregoing and taken as a whole, Defendants have not established that Plaintiff's claims are likely to exceed $75,000, exclusive of interest and costs.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether there is complete diversity among the parties and the amount in controversy requirement has been met.[22]

Accordingly,

**IT IS ORDERED** that **by no later than June 20, 2022**, Defendants shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDRED** that **by no later than July 5, 2022**, Plaintiff shall file either: (1) a Notice stating that Plaintiff does not dispute that Defendants established the jurisdictional requirements of 28 U.S.C. § 1332 and a motion for leave to file an amended complaint that removes

---

[18] R. Doc. 1, ¶ VII.

[19] *See* R. Doc. 1-3.

[20] *See* La. C.C.P. art. 1732 ($50,000 threshold for jury trials).

[21] *Cummings v. Winn-Dixie Montgomery, LLC,* No. 15-195, 2015 WL 4772185, at *3 (M.D. La. Aug. 12, 2015), citing *Brown v. Richard*, No. 00-1982, 2000 WL 1653835, at *4 (E.D. La. Nov. 2, 2000) ("jury demand for state court can be a factor in determining whether the amount in controversy requirement for federal jurisdiction is satisfied" but alone is not controlling to satisfy the jurisdictional requirement). *See also, Johnson v. Sullivan Transfer Co.,* No. 97-0239, 1997 WL 256639, at *3 (E.D. La. May 14, 1997) ("While it is true there is a jury demand, that no longer provides 'proof' of an amount in controversy sufficient to meet the requirements for diversity jurisdiction in federal court as the amount in controversy must be $25,000 more than the $50,000 required for a jury demand under Louisiana procedural law.")

[22] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

the allegations as to Johnson, if Plaintiff agrees that she does not have a likelihood of recovery against Johnson, or (2) a Motion to Remand, addressing either citizenship, amount in controversy, or both.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on June 6, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**